T.C. Memo. 2018-125

UNITED STATES TAX COURT

IRA J. BLAIR AND MARY L. BLAIR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11994-15.                    Filed August 7, 2018.

        <u>Held</u>:  Ps have failed to show that the electronic return for 2012
that R processed on Mar. 11, 2013, was not their 2012 return and that
a purported 2012 return enclosed with a letter dated Nov. 11, 2014,
from a tax return preparation service to PH, was their 2012 return.

Ira J. Blair and Mary L. Blair, pro sese.

<u>William W. Kiessling</u> and <u>Amber B. Martin</u>, for respondent.

[*2]                    MEMORANDUM OPINION

HALPERN, Judge:  By notice of deficiency (notice), respondent determined

a deficiency of $3,733 in petitioners' 2012 Federal income tax.  Petitioners timely

petitioned for redetermination of the deficiency, assigning as error their

disagreement with the information in the notice and claiming their reliance on the

"1040 tax form, * * * which we filed through Tax brain."  The case was called for

trial and, given the parties stipulations and a concession by respondent, the only

unresolved issue is petitioners' claim that the 2012 Form 1040, U.S. Individual

Income Tax Return, that they electronically filed with respondent differs from the

copy of a 2012 Form 1040 attached to a letter to Mr. Blair from TaxBrain, a tax

return preparation service.

Unless otherwise stated, all Rule references are to the Tax Court Rules of

Practice and Procedure.  All dollar amounts have been rounded to the nearest

dollar.

### Background

Petitioners resided in Tennessee when they filed the petition.  The parties

have stipulated certain facts and the authenticity of certain documents.  Among the

stipulated facts is that petitioners electronically filed their 2012 income tax return

[*3] (petitioners' return). Among the authenticated documents is a copy of petitioners' return. Respondent's records show that respondent processed their return on March 11, 2013. Because of deductions and a nonrefundable education credit, petitioners' return shows no tax due for 2012. On both a Form 8863, Education Credits, attached to petitioners' return and on the Form 1040 itself, petitioners report a refundable American opportunity credit of $2,660. They also report excess Federal income tax withholding of $1,353. Adding those two amounts together, petitioners' return reports that they overpaid their 2012 tax by $4,013 ($4,013 = $2,660 + $1,353), which they asked be refunded to them. After offsetting $642 of the claimed overpayment against petitioners' outstanding 2010 tax liability, respondent issued them a tentative refund of $3,371. By the notice, among other adjustments to petitioners' return, respondent allowed $613 and disallowed $2,047 of the $2,660 American opportunity credit reported. Respondent made the adjustment because petitioners had failed to provide him with supporting documentation that he had requested.

At trial the parties agreed to or settled all adjustments made in the notice, except that petitioners claimed that petitioners' return was not the return they filed for 2012 because petitioners' return reports an American opportunity credit of $2,660 while the return they claim they filed reports an American opportunity

**[*4]** credit of only $1,635. Petitioners supported their claim with a letter dated November 11, 2014, from "TaxBrain.com" (TaxBrain letter) which, in pertinent part, states: "Enclosed is your 2012 Federal individual income tax return. * * * Your Federal return was electronically signed and electronically filed with the IRS. The IRS was instructed to deposit your refund of $2,988 directly into your bank account." There is a return (TaxBrain return) enclosed with the TaxBrain letter which does report a refundable American opportunity credit of $1,635 and does show an overpayment of $2,988 and ask for a refund of that amount.

## Discussion

Petitioners do not dispute that petitioners' return shows an overpayment in tax and a requested refund greater by $1,025 than the overpayment and requested refund shown on the TaxBrain return ($1,025 = $4,013 – $2,988). Nor do they dispute that, taking into account respondent's offset of $642 against their 2010 liability, they received a refund greater by $1,025 than they would have received had respondent received and processed the TaxBrain return rather than petitioners' return. And they do not dispute respondent's allowance of an American opportunity credit of $613. They do not really dispute that they received a refund $1,025 greater than they thought they would receive. What they want to know is: What happened to the TaxBrain return?

**[\*5]**   We do not know.  We held the record open in this case for 90 days for either party to provide information concerning the discrepancy between respondent's records and petitioners' claim.  Neither party has provided any information.  The TaxBrain letter is dated November 11, 2014, more than a year and a half after the normal April 15, 2013, due date for 2012 individual income tax returns.  The TaxBrain return is not dated.  As explained at trial, it is incumbent on petitioners to show error in the notice.  Taking into account the parties' stipulations and concessions, petitioners have shown no error.[1]

Therefore,

Decision will be entered

under Rule 155.

---

[1]And while petitioners might have moved to be released from the stipulation that they electronically filed their 2012 return, which respondent processed on March 11, 2013, it is not apparent that, even had we granted the motion, the case would have come out differently.